IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOM LEWIS, | : | No. 4:07-cv-2011 |
| Plaintiff, | : | |
| | : | Judge John E. Jones III |
| v. | : | |
| | : | |
| JESSE SMITH, *et al.* | : | |
| Defendants | : | |

## MEMORANDUM

August 7, 2008

This matter is before the Court on the motion to dismiss (Doc. 11) of defendants Mary Bender, John Breiner, Rick Burd, and Jesse Smith (the "Commonwealth defendants") and the motion to dismiss (Doc. 14) of defendants Dan Flaherty and Frank Sterner. Both motions will be granted, and the plaintiff Thom Lewis's complaint will be dismissed with prejudice because this action is barred by res judicata.

I.   **STANDARD OF REVIEW**

The defendants move to dismiss the complaint on several grounds, but the decisive basis for their motions is the doctrine of res judicata. "Although res judicata and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Walzer v. Muriel, Siebert &*

*Co., Inc.*, 221 Fed. Appx. 153, 155 (3d Cir. 2007). In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "Generally, to the extent that a court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment. The defense of claim preclusion, however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision. Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties." *Toscano v. Connecticut Gen. Life Ins. Co.*, 2008 WL 2909628, at *1 (3d Cir. July 30, 2008) (citations and internal punctuation omitted).

## II. BACKGROUND

Lewis himself acknowledges "some level of prolixity" in the allegations of his § 1983 complaint, which have previously been described by this Court as "somewhat rambling and disjointed." The gist of the complaint appears to be that the Commonwealth defendants retaliated against Lewis, the owner of a dog rescue

2

organization, for complaining about matters of public concern, for filing suit against them, and for his choice of present counsel. Lewis also alleges that defendants Flaherty and Sterner unlawfully used his kennel licenses to buy and sell dogs.

The allegations of the complaint in this action are nearly identical to the allegations at issue in another action, *Thom Lewis v. Jesse Smith, et al.*, C.A. No. 07-cv-512 (the "512 case"), that was previously filed with this Court and was presided over by the Honorable Malcolm Muir. In fact, Lewis concedes that the 512 case "is substantially similar to the present case." (Doc. 17 at 1.) The complaint in the 512 case was filed on March 19, 2007, and an amended complaint was filed on March 26, 2007. *See* 512 Case at Compl., Doc. 1 and Amend. Compl., Doc. 2. Each of the defendants in this action were also named as defendants in the 512 case, along with Deb Smith, Ron Hill, Michael Foerster, John Downing, and Joseph Curcillo. *Id.* at Doc. 2. As in this case, in the 512 case, Lewis asserted causes of action under § 1983 based on retaliation and unlawful use of his licenses. *See generally id.*

On July 10, 2007, Judge Muir granted the motion to dismiss of defendant Curcillo, holding that Lewis had failed to state a viable conspiracy between

3

Curcillo, a private party, and any state actor to satisfy the state action requirement for a § 1983 claim. *Id.* at Doc. 40.

On July 27, 2007, Judge Muir dismissed the claims against defendants Bender, Breiner, Burd, Jesse Smith, Hill, Foerster, and Downing as barred by the statute of limitations and for failure to state a claim upon which relief may be granted. *Id.* at Doc. 43. Based in large part on the concession of counsel, Judge Muir found that Lewis had stated a claim within the statute of limitations against Deb Smith relating to the illegal use of Lewis's licenses. *Id.* At that point, the only defendants remaining in the 512 case were Deb Smith, Sterner, and Flaherty.

On August 13, 2007, Flaherty and Sterner filed a motion to dismiss and belief in support thereof. *Id.* at Docs. 44, 45. Lewis did not file a brief in opposition to this motion, but instead on September 3, 2007, attempted to file a second amended complaint without leave of court. *Id.* at Doc. 47. On September 5, 2007, Judge Muir issued an order striking the second amended complaint, for violating Fed. R. Civ. P. 15(a), and granting Lewis additional time to oppose Flaherty and Sterner's motion to dismiss. *Id.* at Doc. 48. Lewis filed a brief in opposition to the motion on September 24, 2007. *Id.* at Doc. 49.

On October 18, 2007, Judge Muir granted Flaherty and Sterner's motion to dismiss, holding that, as with Curcillo, Lewis had failed to state a viable

4

conspiracy between these private parties and any state actor to satisfy the state action requirement for a § 1983 claim. *Id.* at Doc. 52.

On November 2, 2007, Lewis filed the complaint in this action, making the same allegations as he had in the 512 case and asserting the same causes of action against parties who had all been dismissed from the 512 case. (Doc. 1.)

On July 29, 2008, Judge Muir granted Deb Smith's motion for summary judgment in the 512 case. *Id.* at Doc. 76. Judge Muir found that nothing in the record, which included more than 1,300 pages of documents submitted by Lewis, suggested that Smith had acted under color of state law or used Lewis's name or license to illegally buy or sell dogs. Judge Muir ordered judgment entered in Smith's favor and the 512 case closed.

### III. DISCUSSION

The defendants move to dismiss Lewis's complaint on the ground of res judicata. "The doctrine of res judicata 'protects litigants from the burden of relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation.'" *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979)) (internal punctuation omitted). For res judicata to apply, the following three prongs must be met: "(1) a final judgment on the merits in a prior

5

suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). Here, the parties essentially agree that prongs two and three are met. Lewis is the plaintiff in both this case and the 512 case, all of the defendants in this case were also defendants in the 512 case, and the same civil rights causes of action are at issue in both cases.

Lewis contends, however, that Judge Muir's orders granting the motions to dismiss of the Commonwealth defendants and Flaherty and Sterner in the 512 case are not final judgments on the merits because these were Rule 12(b)(6) motions to dismiss for failure to state a claim and because the orders granting the motions did not specify that dismissal was with prejudice. The Third Circuit has explicitly rejected Lewis's argument, explaining that "[d]ismissal for failure to state a claim is a final judgment on the merits for res judicata purposes." *Id.* (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981)). Moreover, pursuant to Fed. R. Civ. P. 41(b), any dismissal, except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as a adjudication on the merits, unless the dismissal states otherwise. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Judge Muir's orders in the 512 case dismissing the claims against the Commonwealth

defendants, Sterner, and Flaherty were final adjudications on the merits of the same causes of action asserted by Lewis against those defendants in this action. Lewis's claims in this case are therefore barred by res judicata, and his complaint will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, this action will be dismissed with prejudice because it is barred by res judicata. Because dismissal is based on claim preclusion, we will not address the merits of Lewis's claims, which have previously been decided by this Court. An appropriate order will enter.